THE STATE, THE ESSEX PUBLIC ROAD BOARD, PROSECU-TOR, v. JACOB SKINKLE.

1. Under the act to authorize the compromising or settling by arbitration of any tax or assessment laid by any public road board in this state, passed in 1882, the only parties to the proceeding are the road board and the applicant under the act. The only taxes, assessments and impositions to be considered are those against the applicant, and the value of his lands in proportion to the burdens laid upon them is to be estimated, and then the arbitrators are to fix the sum the applicant is to pay in discharge of such burdens.
2. The object of said act is to relieve lands when the assessments against them are greater than the accruing benefit. The relief is limited to the party applicant, and to bring himself within the act he must show such excess of burden.

On *certiorari.*

Argued at June Term, 1886, before Justice VAN SYCKEL.

For the relator, *John W. Taylor.*

For the defendant, *J. Frank Fort.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject matter for review in this case is the report of arbitrators appointed on the application of Jacob Skinkle, the defendant, under the provisions of the act entitled "An act to authorize the compromising or settling by arbitration of any tax or assessment laid by any public road board in this state." *Pamph. L.* 1882, *p.* 256.

The prosecutor insists, in the first place, that the arbitrators should have taken into consideration not only the assessments against the defendant, who alone petitioned for the benefit of said act, but also all other assessments for the same improvements, imposed by the road board on all the lands assessed therefor.

Does the failure to pursue such a course render the proceedings abortive?

The proceeding under the act was instituted by Skinkle for his own benefit. No other land-owner is interested in it. Every land-owner affected by like assessments may, at his option, institute proceedings under the act for his own exclusive benefit.

The estimate and assessment of the arbitrators, in each case in which the benefit of the act is invoked, is conclusive only as to the petitioner under the act, and has no effect whatever upon the assessments of other parties.

The judgment of arbitrators appointed in one case could not guide or control those appointed in any other case. With the diversity of opinion which would naturally be entertained by different boards of arbitrators, the review in each case of the entire assessment could have but little tendency to preserve the principle of equality and proportion which should mark the original assessment. The magnitude of the labor which would be involved in reviewing and considering each assessment in its entirety, would be appalling. There is nothing in the act which indicates a purpose to establish such a scheme.

The third section of the act provides that after the arbitrators are sworn, they shall view the land and real estate upon which the tax or taxes, assessment or assessments is laid or imposed, and after such view shall notify all parties in interest of the time and place when they will hear the parties and their witnesses; and shall, after hearing the parties and taking into consideration all taxes, assessments and impositions of every nature whatsoever, and of the value of the land and real estate in proportion to the taxes and assessments against

the same, proceed to fix and adjust the sum to be paid by the owner or owners so petitioning in full settlement of the tax or taxes, assessment or assessments levied or imposed by the road board. The only parties to this proceeding are the road board and Skinkle. The taxes, assessments and impositions to be considered are those against Skinkle, and the value of his lands and real estate in proportion to the taxes and assessments against them is to be estimated, and then the arbitrators are to proceed to fix the sum he is to pay in discharge of such taxes and assessments.

The object of the act of 1882 is to relieve lands when the assessment against them is greater than the accruing benefit. The relief is limited to the party applying for the protection of the act, and to bring himself within it he must show such excess of burden.

Such was the view taken by this court in a cause between the same parties reported in 18 *Vroom* 93. The court there said :

"The object of the act is to give relief to the petitioner from an assessment in excess of the benefits conferred upon him. The review which he institutes by his application is for his exclusive benefit and does not affect the prior proceedings, so far as they relate to others. The sole question is whether he is burdened in excess of his benefits. To entitle him to a review he must make a *prima facie* case to that effect."

If the assessments have been fixed by the arbitrators at a sum equal to the full benefit conferred upon Skinkle's lands, the road board cannot complain that due proportion between the various land-owners assessed has not been preserved. The consideration of proportion might ease one land-owner and burden another, but in no event could it lead to the laying of an assessment in excess of the benefit conferred.

Does the report of the arbitrators show that they have imposed upon Skinkle's lands a burden equal to the benefits?

The language of the report is this :

"We fix the specific sum to be paid by the petitioner at the sum of $840, and we do hereby certify that we have so fixed

said sum after a careful examination of said land and said public improvements for which said assessments were laid, with a view to charge said property with and to make said assessments conform in amount to the benefits conferred, and do hereby determine that the benefits conferred upon said property by said improvements amount to the said sum of $840."

This language leaves no room to doubt that the assessment fixed by the arbitrators is equal to the entire benefit conferred by the improvements.

In these respects there is no error in the proceedings, nor does any error appear in the order of the judge in regard to costs.

The proceedings below should be affirmed.